AHM / MWW / EED: May 2007
GJ# 61

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>MIDDLE DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| **ADAM LYNN CUNNINGHAM,** ) | |
| ) | |
| **RAYMOND KIRK DILLARD,** ) | |
| also known as ) | |
| "*Jeff Osborne*," ) | |
| "*Randall Hayes*," and ) | |
| "*John Dillard*," ) | |
| ) | |
| **JAMES RAY McELROY,** ) | |
| also known as ) | |
| "*Jay McElroy*," ) | |
| ) | |
| **BONNELL HUGHES,** ) | |
| also known as ) | |
| "*Buster Hughes*," ) | |
| ) | |
| and ) | |
| ) | |
| **RANDALL GARRETT COLE** ) | |
| also known as ) | |
| "*Randy Cole*" ) | |

# <u>INDICTMENT</u>

The Grand Jury charges that:

## <u>Introduction</u>

At all times relevant to this Indictment:

    a.    The following individuals were members of a group called "The Free Militia," a quasi-military group expressing anti-government views.

    b.    Defendant Raymond Kirk Dillard, also known as "Jeff Osborne," "Randall Hayes," and "John Dillard," resided in DeKalb County, Alabama. Defendant Dillard purported to hold the rank of "Major" in the Free Militia.

    c.    Defendant Adam Lynn Cunningham resided in DeKalb County, Alabama. Defendant Cunningham purported to hold the rank of "Sergeant" in the Free Militia.

    d.    Defendant Bonnell Hughes, also known as "Buster Hughes," resided in Marshall County, Alabama. Defendant Hughes purported to hold the rank of "Captain" in the Free Militia.

    e.    Defendant Randall Garrett Cole, also known as "Randy Cole," resided in Etowah County, Alabama. Defendant Cole purported to hold the rank of "Lieutenant" in the Free Militia.

    f.    Defendant James Randall McElroy, also known as "Jay McElroy," resided in Etowah County, Alabama. Defendant McElroy purported to hold the rank of "Private" in the Free Militia.

**COUNT ONE:** [18 U.S.C. § 371]

1. The Grand Jury re-alleges and incorporates by reference those matters in the Introduction of this Indictment as though fully set out herein.

2. That in or about March, 2007, and continuing until in or about April, 2007, in DeKalb County, within the Northern District of Alabama, the defendants,

**ADAM LYNN CUNNINGHAM,**

**RAYMOND KIRK DILLARD,**
also known as
"*Jeff Osborne*,"
"*Randall Hayes*," and
"*John Dillard*,"

**JAMES RAY McELROY,**
also known as
"*Jay McElroy*,"

**BONNELL HUGHES,**
also known as
"*Buster Hughes*,"

**and**

**RANDALL GARRETT COLE**
also known as
"*Randy Cole*,"

did knowingly conspire and agree with each other, and with others both known and unknown to the Grand Jury, to make a firearm, as that term is defined in Title 26 U.S.C. § 5845(a)(8), that is, a destructive device, more specifically, grenades, in violation of Title 26, United States Code, Section 5861(f).

3

## **Manner and Means of the Conspiracy**

3. It was a part of the conspiracy that the conspirators sought to acquire, make, and stockpile destructive devices and other firearms.

4. It was further part of the conspiracy that the conspirators acquired hand grenade hulls, explosive powder, fuses, and other components for the purpose of making destructive devices.

5. It was further part of the conspiracy that the conspirators constructed grenades from the components they acquired during and in furtherance of the conspiracy.

6. It was further part of the conspiracy that the conspirators stockpiled the grenades, along with other firearms, ammunition, and improvised explosive devices, in DeKalb County and in other locations within the Northern District of Alabama.

## **OVERT ACTS**

In furtherance of the conspiracy and to effect the object thereof, the following overt acts, among others, were committed in the Northern District of Alabama:

7. On or about March 29, 2007, Defendant Raymond Kirk Dillard traveled to Bynum, Alabama, to acquire empty military training grenade hulls at a military

surplus store.

8. On or about March 29, 2007, Defendant Raymond Kirk Dillard acquired twelve empty military training grenade hulls at a military surplus store in Bynum, Alabama.

9. On or about April 7, 2007, Defendants Raymond Kirk Dillard, Randall Garrett Cole, and James Ray McElroy gathered at a residence in Collinsville, Alabama, for the purposes of assembling grenades from the components that had been acquired by the conspirators.

10. On or about April 7, 2007, Defendant Randall Garrett Cole welded shut the bottoms of approximately eleven military grenade hulls.

11.  On or about April 13, 2007, Defendants Raymond Kirk Dillard, and James Ray McElroy gathered at a residence in Collinsville, Alabama, for the purposes of continuing to construct grenades from the components acquired by the conspirators.

12. On or about April 13, 2007, Defendants Raymond Kirk Dillard and James Ray McElroy worked on the fuse assembly for the grenades.

13. On or about April 17, 2007, Defendants Raymond Kirk Dillard and James Ray McElroy and Adam Lynn Cunningham gathered at the residence of Adam Lynn Cunningham to complete the manufacture of the grenades.

5

14. On or about April 17, 2007, Defendant Adam Lynn Cunningham offered to help hide the completed grenades.

All in violation of Title 18, United States Code, Section 371.

**COUNT TWO:** [18 U.S.C. § 371]

1. The Grand Jury re-alleges and incorporates by reference those matters in the Introduction of this Indictment as though fully set out herein.

2. That in or about March, 2007, and continuing until in or about April, 2007, in DeKalb County, within the Northern District of Alabama, the defendants,

**RAYMOND KIRK DILLARD,**
also known as
*"Jeff Osborne,"*
*"Randall Hayes,"* and
*"John Dillard,"*

**BONNELL HUGHES,**
also known as
*"Buster Hughes,"*

and

**RANDALL GARRETT COLE,**
also known as
*"Randy Cole,"*

did knowingly conspire and agree with each other, and with others both known and unknown to the Grand Jury, to make a firearm, as that term is defined in Title 26 U.S.C. § 5845(a)(8), that is, a silencer, in violation of Title 26, United States Code,

6

Section 5861(f).

## Manner and Means of the Conspiracy

3. It was part of the conspiracy that the conspirators acquired the components necessary to construct a silencer.

4. It was further part of the conspiracy that the conspirators constructed a silencer from the components they acquired during and in furtherance of the conspiracy.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object thereof, the following overt acts, among others, were committed in the Northern District of Alabama:

5. On April 7, 2007, Defendant Randall Garrett Cole welded together some components of the silencer.

6. On April 7, 2007, Defendant Raymond Kirk Dillard assisted and instructed Defendant Randall Garrett Cole in the construction of the silencer.

7. On or about April 11, 2007, Defendant Bonnell Hughes took possession of the partially completed silencer for the purpose of completing the construction of the device.

8. On or after April 11, 2007, Defendant Bonnell Hughes performed

additional work on the silencer by inserting wire mesh between the baffles of the silencer.

All in violation of Title 18, United States Code, Section 371.

**COUNT THREE:** [26 U.S.C. § 5861(f) and 18 U.S.C. § 2]

The Grand Jury charges that:

On or before the 26th day of April, 2007, in DeKalb County, within the Northern District of Alabama, the defendants,

**ADAM LYNN CUNNINGHAM,**

**RAYMOND KIRK DILLARD,**
**also known as**
*"Jeff Osborne,"*
*"Randall Hayes,"* **and**
*"John Dillard,"*

**JAMES RAY McELROY,**
**also known as**
*"Jay McElroy,"*

**BONNELL HUGHES,**
**also known as**
*"Buster Hughes"*

**and**

**RANDALL GARRETT COLE,**
**also known as**
*"Randy Cole,"*

knowingly made a firearm, as that term is defined in Title 26 U.S.C. § 5845(a)(8),

8

that is, a destructive device, more specifically, approximately 10 grenades, in violation of Title 26, United States Code, Section 5861(f) and Title 18, United States Code, Section 2.

**COUNT FOUR**: [26 U.S.C. § 5861(f) and 18 U.S.C. § 2]

The Grand Jury charges that:

On or before the 26th day of April, 2007, in DeKalb County, within the Northern District of Alabama, the defendants,

**RAYMOND KIRK DILLARD,**
**also known as**
***"Jeff Osborne,"***
***"Randall Hayes,"* and**
***"John Dillard,"***

**BONNELL HUGHES,**
**also known as**
***"Buster Hughes,"***

**and**

**RANDALL GARRETT COLE,**
**also known as**
***"Randy Cole,"***

knowingly made a firearm, as that term is defined in Title 26 U.S.C. § 5845(a)(8), that is, a silencer, in violation of Title 26, United States Code, Section 5861(f) and Title 18, United States Code, Section 2.

**COUNT FIVE**: [18 U.S.C. § 922(g)(1)]

The Grand Jury charges that:

On or about the 26th day of April, 2007, in DeKalb County, within the Northern District of Alabama, the defendant,

**RAYMOND KIRK DILLARD,**
**also known as**
**"*Jeff Osborne*,"**
**"*Randall Hayes*," and**
**"*John Dillard*,"**

after having been convicted on June 11, 1996, in the United States District Court for the Southern District of Alabama, of the offense of Possession of an Unregistered Firearm, in case number 95-0014-C; and after having been convicted on December 7, 1987, in the Circuit Court of Jefferson County, Alabama, of the offense of Burglary, Second Degree, in case number CC87-002778, each of the said offenses being a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, that is, a Browning 9 mm pistol, in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT SIX**: [26 U.S.C. § 5861(d)]

The Grand Jury charges that:

On or about the 26th day of April, 2007, in DeKalb County, within the Northern District of Alabama, the defendant,

**RAYMOND KIRK DILLARD**
**also known as**
**"*Jeff Osborne*,"**
**"*Randall Hayes*," and**
**"*John Dillard*,"**

knowingly and unlawfully possessed a firearm, as that term is defined in Title 26 U.S.C. § 5845(a)(8), that is, a destructive device, specifically 2 grenades, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

**COUNT SEVEN**: [21 U.S.C. §§ 841(a)(1) and (b)(1)(B)]

The Grand Jury charges that:

On or about the 26th day April, 2007, in DeKalb County, within the Northern District of Alabama, the defendants,

**RAYMOND KIRK DILLARD,**
**also known as**
**"*Jeff Osborne*,"**
**"*Randall Hayes*," and**
**"*John Dillard*,"**

**and**

11

**JAMES RAY McELROY,**
also known as
*"Jay McElroy,"*

did knowingly, intentionally and unlawfully possess with intent to distribute a controlled substance, that is, 100 or more marijuana plants, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

**COUNT EIGHT**: [18 U.S.C. § 922(g)(3)]

The Grand Jury charges that:

On or about the 26th day of April, 2007, in Dekalb County, within the Northern District of Alabama, the defendant,

**JAMES RAY McELROY,**
also known as
*"Jay McElroy,"*

while being an unlawful user of a controlled substance, that is, marijuana, did knowingly possess in and affecting commerce a firearm, that is, a Norinco SKS 7.62 caliber rifle, in violation of Title 18, United States Code, Section 922(g)(3).

**COUNT NINE**: [18 U.S.C. § 922(o)]

The Grand Jury charges that:

On or about the 26th day of April, 2007, in Marshall County, within the

Northern District of Alabama, the defendant,

**BONNELL HUGHES,
also known as
*"Buster Hughes,"***

knowingly possessed a machinegun, that is, a Sten 9mm machinegun, in violation of Title 18, United States Code, Section 922(o).

**COUNT TEN**:[26 U.S.C. § 5861(d)]

The Grand Jury charges that:

On or about the 26th day of April, 2007, in Marshall County, within the Northern District of Alabama, the defendant,

**BONNELL HUGHES,
also known as
*"Buster Hughes,"***

knowingly and unlawfully possessed a firearm, as that term is defined in Title 26 U.S.C. § 5845(a)(8), that is, a destructive device, more specifically, approximately 80 grenades, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

**COUNT ELEVEN**: [26 U.S.C. § 5861(d)]

The Grand Jury charges that:

On or about the 26th day of April, 2007, in Marshall County, within the

Northern District of Alabama, the defendant,

**BONNELL HUGHES,**
**also known as**
***"Buster Hughes,"***

knowingly and unlawfully possessed a firearm, as that term is defined in Title 26 U.S.C. § 5845(a)(8), that is, a destructive device, more specifically, approximately 68 improvised explosive projectiles and a launcher, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

**COUNT TWELVE**: [26 U.S.C. § 5861(d)]

The Grand Jury charges that:

On or about the 26th day of April, 2007, in Marshall County, within the Northern District of Alabama, the defendant,

**BONNELL HUGHES,**
**also known as**
***"Buster Hughes,"***

knowingly and unlawfully possessed a firearm, as that term is defined in Title 26 U.S.C. § 5845(a)(8), that is, a silencer, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

**COUNT THIRTEEN**: [26 U.S.C. § 5861(d)]

14

The Grand Jury charges that:

On or about the 26th day of April, 2007, in DeKalb County, within the Northern District of Alabama, the defendant,

**ADAM LYNN CUNNINGHAM**,

knowingly and unlawfully possessed a firearm, as that term is defined in Title 26 U.S.C. § 5845(a)(8), that is, a destructive device, more specifically, approximately 24 grenades, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

**COUNT FOURTEEN**: [26 U.S.C. § 5861(d)]

The Grand Jury charges that:

On or about the 26th day of April, 2007, in DeKalb County, within the Northern District of Alabama, the defendant,

**ADAM LYNN CUNNINGHAM**,

knowingly and unlawfully possessed a firearm, as that term is defined in Title 26, U.S.C. § 5845, that is, a Harrington and Richardson 12 gauge shotgun having a barrel length less than 18 inches, that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

**A TRUE BILL**

| | |
|---|---|
| FOREMAN OF THE GRAND JURY | ALICE H. MARTIN<br>United States Attorney |
| | MICHAEL W. WHISONANT<br>Assistant United States Attorney |
| | */s/ Enid E. Dean*<br>ENID E. DEAN<br>Special Assistant United States Attorney |